The SOCIETY OF LLOYDS, Plaintiff–Appellee,

and

Frank F. Lin; et al., Counter-claimants,

v.

Robert C. BLACKWELL; et al., Defendants–Appellants,

and

Coco Alexandra E. Carter; et al., Defendants.

No. 03–56144.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2005.

Decided April 13, 2005.

Corrected April 14, 2005.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

962

Stephen D. Alexander, Esq., Fried Frank Harris Shriver & Jacobson, Los Angeles, CA, for Plaintiff–Appellee.

Frank F. Lin, Oxnard, CA, pro se.

Robert Kramer Lowry, Santa Fe, CA, pro se.

Greg J. Ryan, Esq., Law Offices of Greg J. Ryan, APC, San Diego, CA, for Defendant–Appellant.

Theodore W. Grippo, Oxnard, CA, for Defendant.

Kenneth R. Chiate, Quinn Emanuel Urquhart Oliver and Hedges, Los Angeles, CA, for Counter–Claimant/Defendant.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Richards v. Lloyd's of London,* 135 F.3d 1289 (9th Cir.1998) (en banc).

2. *See Downing v. Abercrombie & Fitch,* 265 F.3d 994, 1005 (9th Cir.2001).

3. Cal.Civ.Proc.Code. §§ 1713–1713.8.

4. *See Richards,* 135 F.3d at 1294–96.

5. Cal.Civ.Proc.Code § 1713.4(a)(1).

Before: KLEINFELD, WARDLAW, and BERZON, Circuit Judges.

## MEMORANDUM*

The serious questions in this case have already been answered by our en banc decision in *Richards v. Lloyd's of London.*[1]

Whether the English judgments are enforceable is a question of California law.[2] Under California's Uniform Foreign Money–Judgments Recognition Act,[3] the judgments are properly enforceable. The contractual selection of England as the forum for resolving disputes is valid, and differences in English and United States laws do not violate the public policy embodied in federal and state securities laws.[4] The controlling California statutes condition the conclusiveness of a foreign judgment on whether it was "rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law,"[5] and "English procedure comports with our standards of due process."[6] The English judgments are not repugnant to California public policy.[7] Thus neither of the exceptions to enforcement of foreign judgments that the defendants raise here apply, and the judgments satisfy the requirements of California law for purposes of recognition and enforcement.[8] Our sister circuits have reached the same conclusions in materially similar cases.[9]

6. *British Midland Airways Ltd. v. Int'l Travel, Inc.,* 497 F.2d 869, 871 (9th Cir.1974) (internal quotation omitted); *see also Arab Monetary Fund v. Hashim (In re Hashim),* 213 F.3d 1169, 1172 (9th Cir.2000).

7. *See* Cal.Civ.Proc.Code § 1713.4(b)(3); *In re Hashim,* 213 F.3d at 1172; *Richards,* 135 F.3d at 1294–96.

8. *See* Cal.Civ.Proc.Code. §§ 1713.3–1713.5.

9. *See Soc'y of Lloyd's v. Turner,* 303 F.3d 325 (5th Cir.2002); *Soc'y of Lloyd's v. Ashenden,* 233 F.3d 473 (7th Cir.2000).

AFFIRMED.